IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03564-PAB-CYC

MATTHEW BLAKE REED,

    Plaintiff,

v.

STEPHANIE SANDOVAL,
JOSEPH REGALADO, and
CARLY REY-HAYES,

    Defendants.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's filing that requests appointment of counsel, ECF No. 48, (the "Motion"). Oral argument will not materially assist in the resolution of this matter and the Motions is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is appropriate in this case. Accordingly, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on December 23, 2024, ECF No. 1., and was twice ordered to amend his complaint. ECF Nos. 3 and 8. As a result, the Second Amended Complaint, ECF No. 9, is the operative complaint. The plaintiff does not proceed

pursuant to 28 U.S. C. § 1915, *see* ECF No. 4, but may be eligible for appointment of counsel pursuant to D.C.COLO.LAttyR 15(e)(1)(B).

The plaintiff alleges that the defendants violated his rights while he was living at the Colorado State Penitentiary ("CSP") in Cañon City, Colorado. He avers that on November 25, 2022, a CSP correctional officer, Officer Regaldo, shot him three times (including once in the head) while he was complying with the officer's orders during a fight with another inmate, that Warden Sandoval directed and approved this force, and that Nurse Rey-Hayes provided inadequate medical care for his injuries, resulting in long-term physical and neurological problems. ECF No. 9 at 4–6. As relief, the plaintiff seeks a Court Order regarding medical care, authorization for private medical care, and compensatory and punitive damages. *Id.* at 8–9.

The defendants filed a motion to dismiss in which they argue that the plaintiff's claims are barred by the statute of limitations, that they are entitled to qualified immunity, that the request for injunctive relief fails as a matter of law, and that the plaintiff fails to state any claims against them. ECF No. 26. That motion has not yet been addressed by the Court. The Court entered a Scheduling Order on July 17, 2025, ECF No. 43, and discovery is proceeding.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."

*Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The plaintiff states that he "continue[s] to have great difficulty even understanding what is expected of" him. ECF No. 48 at 1. He explains that "[w]hile [he has] access to the law library on [his] tablet, [he does] not understand all the language and [has] no one to help" him. *Id*. In support of his request, the plaintiff attaches a Neuropsychological Evaluation conducted by Dr. James Nguyen, a Licensed Clinical Psychologist. Dr. Nguyen concluded that the plaintiff "exhibits very strong core thinking skills" and "strong skills in understanding and using language, including word knowledge and abstract thinking," but has "slower mental processing and memory challenges." *Id*. at 25. The plaintiff also "shows strong abilities in managing complex tasks under time pressure," but "cognitive tasks now take longer for [the plaintiff] than they did previously" and he "has a modest cognitive decline." *Id*. at 26. Dr. Nguyen recommends that the plaintiff "allow himself extra time to complete activities to reduce cognitive overload," *Id*. at 29. To be sure, "having counsel appointed would . . . assist[] [the plaintiff] in presenting his

3

strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. In addition, the plaintiff's filings in this case have demonstrated his ability to navigate this litigation. For example, the plaintiff was ordered to amend his complaint twice and did so successfully resulting in this case moving forward. Further, the plaintiff's filings thus far have not demonstrated an inability to articulate his arguments to the Court. And neither the plaintiff's Motion nor Dr. Nguyen's analysis demonstrate that the plaintiff is unable to present his case. *See Bertolo v. Benezee*, 601 F. App'x 636, 640–41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. Further, given the pending motion to dismiss, it is unclear which, if any, of the plaintiff's claims are meritorious.

In sum, the case is not overly complex, it is yet unclear how meritorious the plaintiff's claims are, and the plaintiff so far appears able to present his case to the Court. Should the facts the Court has considered materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the Motion, ECF No. 48, is **DENIED without prejudice**.

Given the contents of Dr. Nguyen's report attached to the Motion, ECF No. 48, it is hereby **ORDERED** that the Clerk of the Court shall **RESTRICT** ECF No. 48 at Level 1, which limits access to the parties and the Court. If the plaintiff would like the Motion to remain under restriction, he shall file a motion requesting restriction pursuant to D.C.COLO.LCivR 7.2(c) **on or before October 24, 2025**. If no motion is filed, the restriction will automatically lift.

Entered and dated this 24th day of September 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

5