IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-03564-PAB-CYC

MATTHEW BLAKE REED,

Plaintiff,

v.

STEPHANIE SANDOVAL,
JOSEPH REGALADO, and
CARLY REY-HAYES,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 69]. The recommendation addresses Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) [Docket No. 26]. Plaintiff filed an objection. Docket No. 70. Defendants filed a response, Docket No. 72, and Plaintiff filed a reply. Docket No. 73. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 69 at 1-3, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On December 23, 2024, plaintiff filed this case. Docket No. 1. The operative complaint is the Second Amended Complaint, which brings claims under 42 U.S.C.

§ 1983 against defendants.  Docket No. 9 at 4-6.  Plaintiff's claims against defendant Sandoval and defendant Regalado arise from them allegedly using excessive force against him after plaintiff was involved in an altercation with another inmate.  *Id.* at 4-5. Plaintiff's claim against defendant Rey-Hayes arises out of her alleged deliberate indifference to his medical care after the incident.  *Id.* at 5-6.  Plaintiff states that he did not receive medical care for eleven hours following the incident and instead was confined in unsanitary conditions.  *Id.*  Plaintiff also states that Ms. Rey-Hayes failed to provide him with appropriate medical tests and reports.  *Id.* at 6.

On May 19, 2025, defendants filed a motion to dismiss, arguing, among other things, that plaintiff's claims were barred by the statute of limitations.  Docket No. 26. On December 30, 2025, Magistrate Judge Cyrus Y. Chung issued a recommendation to grant the motion to dismiss.  Docket No. 69.  On January 12, 2026, plaintiff filed a timely objection.  Docket No. 70.  On January 26, 2026, defendants filed a response.  Docket No. 72.  On February 10, 2026, plaintiff filed a reply.  Docket No. 73.

## II.  LEGAL STANDARD

### A. <u>Objections to the Magistrate Judge Recommendation</u>

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific*.  United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g., Hackford v. Babbit*, 14 F.3d 1457,

1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

"Typically, facts must be developed to support dismissing a case based on the statute of limitations." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (citation omitted). "But '[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). "If from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law' suitable for resolution at the motion to dismiss stage." *Id.* (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)).

4

### III.  ANALYSIS

The magistrate judge recommends granting the motion to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations.  Docket No. 69 at 1.  The magistrate judge finds that plaintiff's causes of action accrued on November 25, 2022 and ran for two years, until November 25, 2024.  *Id.* at 4-5.  Thus, the complaint—which was filed on December 23, 2024—was untimely.  *Id.* at 5.  The magistrate judge notes that, while plaintiff did not explicitly raise an equitable tolling argument, his response could be construed as raising such an argument.[1]  *Id.*  Therefore, the magistrate judge analyzes whether plaintiff's claims should be equitably tolled, but ultimately determines that equitable tolling is inappropriate.  *Id.* at 5-8.

The Court construes plaintiff as making five objections.  *See* Docket No. 70 at 1-7.

#### A.  <u>Objection One</u>

The recommendation finds that Colo. Rev. Stat. § 13-80-102(g) sets a two-year statute of limitations period for plaintiff's § 1983 claims.  Docket No. 69 at 4.  The recommendation determines that plaintiff's claims accrued on November 25, 2022 because that was when "Sandoval authorized excessive force and failed to supervise the plaintiff's medical care,  when Regalado shot the plaintiff, and when Rey-Heyes provided inadequate medical care."  *Id.* at 4-5.  Plaintiff does not object to the recommendation's finding that there is a two-year statute of limitations period, but does

---

[1] Defendants argue that plaintiff's objections based on tolling are not entitled to de novo review because they are brought for the first time in his objection.  Docket No. 72 at 2.  However, the magistrate judge construes plaintiff's response to the motion to dismiss as bringing tolling arguments.  Docket No. 69 at 5-6.  Thus, plaintiff is not bringing tolling arguments for the first time in his objection.

object to the finding that his claims accrued on November 25, 2022.  Docket No. 70 at

1-3.  Specifically, plaintiff argues that he is "still discovering the full extent of the

neurological, neuropsychological, and mental health problems which were not

immediately known" and that he did not discover the "full extent of damage to him" until

months after the injuries had occurred.  *Id.* at 2-3.

"Federal law governs when a § 1983 claim accrues."  *Delaney v. Thompson*, 812

F. App'x 779, 780 (10th Cir. 2020) (unpublished).  Section 1983 claims accrue when

"facts that would support a cause of action are or should be apparent."  *Fratus v.

DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citation omitted).  Here, plaintiff alleges that

defendant Sandoval ordered the excessive use of force while plaintiff was in a fistfight

with another inmate.  Docket No. 9 at 4.  During this incident, defendant Regalado shot

plaintiff multiple times with less lethal rounds.  *Id.* at 5, Docket No. 9-1 at 20.  The

incident report that plaintiff attaches to his complaint indicates that the fistfight and the

subsequent use of force occurred on November 25, 2022.  *See* Docket No. 9-1 at 20.

Thus, the Court agrees with the recommendation that plaintiff knew or should have

known that the alleged use of excessive force occurred on November 25, 2022.

As for the deliberate indifference claim, such claims accrue when a plaintiff knew

or had reason to know that the defendant "acted with deliberate indifference to a known

risk to [plaintiff's] medical needs, and that his or her deliberate indifference resulted in a

delay in treatment that caused [plaintiff] substantial harm."  *Vasquez v. Davis*, 882 F.3d

1270, 1276 (10th Cir. 2018) (citation omitted).  Plaintiff alleges that, after being injured,

he was placed in an unsanitary observation cell for eleven hours before receiving

medical care.  Docket No. 9 at 5-6.  Plaintiff also alleges that, when he did receive care,

Ms. Rey-Hayes failed to provide him with necessary medical tests and reports.  *Id.* at 6.

6

Plaintiff states that this failure caused him to experience multiple debilitating ailments. *Id.* Under this set of facts, the Court agrees with the recommendation that plaintiff knew or should have known that the eleven-hour delay in treatment on November 25, 2022 and the failure to conduct tests was a product of deliberate indifference, even if he did not realize the full extent of the damages until a later date. Accordingly, the Court will overrule plaintiff's first objection.

### B. **Objection Two**

Plaintiff objects that the recommendation improperly resolves factual disputes against him on the motion to dismiss. Docket No. 70 at 3. However, plaintiff fails to identify any factual disputes the magistrate judge resolved against him, nor are any apparent to the Court. To the contrary, the Court finds that the recommendation focuses on the sufficiency of plaintiff's allegations and does not resolve any factual disputes.

After stating objections related to equitable tolling, plaintiff argues that "factual issues remain unresolved and that dismissal under Rule 12(b)(6) is inappropriate." *Id.* at 7. But "the applicability of equitable tolling may be decided on a motion to dismiss based on the allegations alone." *Williamson v. Wyo. Dep't of Corr. Wyo. State Penitentiary Warden*, 2025 WL 209880, at *5 (10th Cir. Jan 16 2025) (unpublished) (citation omitted). Accordingly, the Court will overrule plaintiff's second objection.

### C. **Objection Three**

Plaintiff objects to the recommendation's finding that he is not under legal disability. Docket No. 70 at 2. Plaintiff argues that he is suffering from a "legal disability," and is thus entitled to equitable tolling. *Id.* Specifically, plaintiff argues that, due to the head injuries he received, he is "rendered 'under disability'" and that he

7

"would be identified as such if he were under the competent care of non CDOC providers and medical staff." *Id.* The recommendation finds that plaintiff is not a "person under other legal disability" as defined in Colo. Rev. Stat. § 13-81-101. Docket No. 69 at 6.

In Colorado, the statute of limitations is tolled "when the person is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability." *Mwangi v. Norman*, No. 16–cv–00002–CMA–NYW, 2016 WL 7223270, at *7 (D. Colo. Dec. 13, 2016), *report and recommendation adopted*, 2017 WL 11917464 (D. Colo. Jan. 4, 2017) (internal quotations and citation omitted); *see also* Colo. Rev. Stat. § 13-81-101(3). "The party alleging the disability bears the burden to prove that the condition existed." *Robinson v. City, Cnty. of Denver*, 16 F. App'x 862, 863 (10th Cir. 2001) (unpublished) (citing *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991)).

As the recommendation notes, plaintiff did not contend that he had a legal disability in response to the motion to dismiss. Docket No. 69 at 6; *see also* Docket No. 39. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Thus, plaintiff has waived this issue. Even if the Court were to consider this objection, it would find that plaintiff has not met his burden to prove that he has a legal disability. Plaintiff's argument is that he would be identified as having a legal disability if he were under the care of other providers. Such an unsupported assertion does not plausibly establish that plaintiff has a legal disability. Accordingly, the Court will overrule plaintiff's third objection.

8

### D. Objection Four

Plaintiff objects to the recommendation's finding that there are not extraordinary circumstances entitling him to equitable tolling. Docket No. 70 at 3-6. Specifically, the recommendation finds that plaintiff has not argued that this case presents the sort of extraordinary circumstances that warrant tolling, that defendants did not impede plaintiff from filing this lawsuit, and that plaintiff has not diligently pursued his claim. *Id.* Plaintiff argues that caselaw supports the assertion that his injuries, his lack of legal assistance, his restricted law-library access, and his incarceration represent extraordinary circumstances which justify equitable tolling. *Id.* at 3-4. Plaintiff further asserts that defendants impeded his ability to file a lawsuit by denying him access to medical records and grievance forms. *Id.* at 4-5. Finally, plaintiff argues that he diligently pursued his claim. *Id.*

Equitable tolling "suspend[s] a statute of limitations period when 'flexibility is required to accomplish the goals of justice.'" *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996)). "Tolling is typically available when 'defendants' wrongful conduct prevented' timely filing or in other 'extraordinary circumstances.'" *Whitefield v. Exec. Dir. of Colo. Dep't of Corr.*, 2024 WL 4212320, at *2 (10th Cir. Sept. 17, 2024) (unpublished) (quoting *Dean Witter*, 911 P.2d at 1096-97). "Critically, in either instance, a plaintiff seeking to benefit from equitable tolling must 'make[ ] good[ ]faith efforts to pursue the claims when possible.'" *Id.* (quoting *Dean Witter*, 911 P.2d at 1097). "[W]hether to grant equitable tolling is a discretionary matter for the district court." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018). "[T]he plaintiff bears the burden of establishing equitable tolling." *Geiger v. Chubb Indem. Ins. Co.*, No. 23-cv-01080-

PAB-KAS, 2024 WL 814539, at *6 (D. Colo. Feb. 27, 2024) (citing *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo. 1992)).

Plaintiff argues that there are extraordinary circumstances present in his case which warrant equitable tolling, including, among other things, the nature of his injuries. Docket No. 70 at 3-5.  However, as noted by the magistrate judge, plaintiff indicates in a letter attached to his original complaint that he "signed [his] original petition[2] in early June 2024."  Docket No. 1-2 at 2; Docket No. 69 at 7-8.  The fact that plaintiff had a complaint drafted in June 2024, months before the November 25, 2024 deadline, significantly undercuts the argument that extraordinary circumstances prevented plaintiff from timely filing the complaint.  In his letter, plaintiff notes that he sought help from other inmates and family friends in modifying the complaint, asserting that the injuries he sustained impeded his ability to properly prepare the complaint.  Docket No. 1-2 at 2. However, plaintiff's asserted disability did not prevent him from completing a draft of the complaint by June 2024, which plaintiff could have filed before the deadline.  Thus, neither his disability nor any other circumstance prevented plaintiff from timely filing this lawsuit.[3]

---

[2] The Court presumes that plaintiff uses the term "petition" in lieu of complaint.

[3] Plaintiff argues that his "restricted law-library access" justifies equitable tolling. Docket No. 70 at 3.  "Denial of access to legal materials can provide a basis for equitable tolling in some circumstances."  *United States v. Oakes*, 445 F. App'x 88, 94 (10th Cir. 2011) (unpublished) (citation omitted).  However, as the magistrate judge notes, plaintiff only claims that he had restricted access to the law library while incarcerated at Colorado State Penitentiary ("CSP").  Docket No. 39 at 3; Docket No. 69 at 7.  Yet plaintiff's complaint states he was transferred to Sterling Correctional Facility ("SCF"), and plaintiff does not allege he lacked access to the law library there.  Docket No. 9 at 6; Docket No. 69 at 7.  In fact, in his objection, plaintiff indicates that he was transferred to SCF only two weeks after the cause of action accrued, giving him adequate access to a law library.  Docket No. 70 at 5.  Thus, the Court finds that plaintiff's restricted law library access at CSP does not warrant equitable tolling.

Next, plaintiff argues that defendants' wrongful conduct warrants tolling of the statute of limitations. Docket No. 70 at 4-5. Specifically, plaintiff argues that defendants impeded his ability to timely file this suit by denying him access to medical records and grievance forms. *Id.* The recommendation notes that, in the letter attached to plaintiff's original complaint, plaintiff "attempt[ed] to excuse the tardy filing by referring to recently-received medical records." Docket No. 69 at 8. The recommendation states that "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Id.* (quoting *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993)). The Court agrees, and finds that plaintiff's cause of action accrued regardless of the fact he did not have possession of all relevant documents. Plaintiff argues that he believed the law required him to have such records at the time he submitted the complaint. Docket No. 70 at 5. But "[i]gnorance of law does not excuse a late filing, even for a pro se prisoner." *Dunn v. Workman*, 172 F. App'x 238, 241 (10th Cir. 2006) (unpublished) (citation omitted).

Because the Court has determined that there are no extraordinary circumstances warranting equitable tolling and that defendants did not prevent plaintiff from timely filing his complaint, it is unnecessary to determine whether plaintiff diligently pursued his claims. The recommendation notes that plaintiff "offers no evidence of his diligence other than a general statement that he did not act in bad faith. . . . That will not do." Docket No. 69 at 7. The Court agrees that plaintiff has failed to show diligence and has otherwise failed to carry his burden to show he is entitled to equitable tolling. Accordingly, the Court will overrule plaintiff's fourth objection.

### E. <u>Objection Five</u>

Finally, plaintiff appears to object to the magistrate judge's failure to apply the prison mailbox prison rule. Docket No. 70 at 6. Specifically, plaintiff notes that the recommendation "places the burden on Plaintiff to establish [the mailbox rule's] application without affording him the opportunity to do so through discovery or evidentiary submissions." *Id.* Plaintiff, however, also states that he "admits and concurs that the Mailbox Rule is moot for the initial and revised submission." *Id.* The recommendation states that, while there is an applicable prison mailbox rule, "it is the plaintiff's obligation to establish timely filing under the rule and the plaintiff provides nothing indicating how it ought to apply here." Docket No. 69 at 8.

"Under the prison mailbox rule, a court filing by a *pro se* prisoner is considered to have been filed when the filing is given to prison officials for mailing, regardless of when the court receives the documents." *United States v. Gonzalez-Arenas*, No. 14-cv-02824-REB, 2016 WL 10859436, at *2 n.2 (D. Colo. Apr. 22, 2016). Thus, the only pertinent information regarding the prison mailbox rule is when plaintiff gave his complaint to prison officials for mailing. Plaintiff does not explain why discovery on this issue would be necessary when plaintiff presumably already has this information. *See* Docket No. 70 at 6. Plaintiff does not state when he handed the complaint to prison officials for filing, but does state that the "Mailbox Rule is moot." *Id.* Thus, the Court finds that plaintiff has not shown his filing was timely under the prison mailbox rule. Accordingly, the Court will overrule plaintiff's fifth objection.

### F. <u>Leave to Amend</u>

Plaintiff argues that, due to his status as a pro se plaintiff, he should be granted leave to amend to plead additional facts regarding equitable tolling. "Although the

12

Federal Rules permit and require liberal construction and amendment of pleadings, the Rules do not grant the parties unlimited rights of amendment." *Whitington v. Steinbeck*, No. 07-cv-00663-LTB-KMT, 2010 WL 251561, at *1 (D. Colo. Jan. 21, 2010). Plaintiff has already been given two opportunities to amend his complaint, and does not state what additional facts he would allege to establish that he is entitled to equitable tolling.

Moreover, pursuant to the Local Rules, a "motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Local Rules also require a party seeking to file an amended pleading to attach the proposed amended pleading. D.C.COLO.LCivR 15.1(b). Plaintiff did not do so. The Tenth Circuit recognizes "the importance of Fed. R. Civ. P. 7(b) and ha[s] held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be litigated piecemeal. The court should not have to address repeated 'improvements' to the complaint."); *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm." (quotations omitted); *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014) (affirming prejudicial dismissal and denial of request to amend made in response to motion to dismiss without formal motion); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave."). Accordingly, the Court will not grant leave to amend.

13

### G. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Response to the Recommendation of the United States Magistrate Judge [Docket No. 70] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 69] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) is **GRANTED**. It is further

**ORDERED** that the claims against defendants are **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED March 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge